EL PUEBLO DE PUERTO RICO, recurrido, *v.* ERIC COLÓN RAMOS y OTROS, acusados y peticionarios.

*Número:* O-84-125    *Resuelto:* 30 de abril de 1984

*Carlos R. Noriega,* abogado de los peticionarios; *Doris Zoé Pons Pagán,* abogada de El Pueblo.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

El 7 de julio de 1983, al llamarse para vista preliminar las denuncias presentadas contra los aquí peticionarios por alegada violación de la Ley de Sustancias Controladas, se determinó la no existencia de causa probable al plantear la defensa que el agente encubierto que intervino con los imputados no prestó dentro de las 120 horas siguientes a la alegada transacción, la declaración jurada que manda el Art. 523 de dicha ley. Dicho agente dio como excusa que no lo hizo porque se le olvidó. La juez Hon. Sylvia Ricard, que intervino, determinó que ello no constituía justa causa.

En alzada el Tribunal Superior citó para varias ocasiones, que se suspendieron por diferentes razones, entre ellas la ausencia del agente. Los imputados mantuvieron en

todo momento la improcedencia de causa probable a base de la inadmisibilidad del testimonio del agente encubierto y de la "evidencia" obtenida en la alegada transacción. Recurren contra determinación hecha el 31 de enero de 1984 en que se dispuso celebrar la vista preliminar, dejando así sin efecto la determinación de no causa probable hecha por la juez Ricard. El 15 de marzo de 1984 expedimos la siguiente resolución:

Considerando que al celebrarse la vista preliminar el 7 de julio de 1983 se hizo patente que el agente encubierto prestó la declaración jurada requerida por 24 L.P.R.A. sec. 2523 pasado el período de 120 horas allí consignado;

Considerando que según surge de la petición ante nos la razón dada por el agente encubierto para incumplir dicha disposición fue que "se le olvidó", razón que no constituye justa causa;

Considerando que de conformidad con dicha disposición de ley ni la declaración jurada ni el testimonio del agente encubierto "podrán ser presentadas en evidencia";

Y considerando que se trata de una cuestión de Derecho, dipuesta por ley;

Muestre causa el Procurador General en o antes del 30 de marzo de 1984 por la cual no deba expedirse el auto solicitado y ordenarse la desestimación y archivo de la denuncia presentada contra el peticionario.

No nos persuade la comparecencia del Procurador.

El Art. 523 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2523, dispone:

Sec. 2523. *Encubiertos, declaraciones juradas*

Todo personal de investigaciones que intervenga o participe como encubierto en una transacción de venta de drogas y sustancias controladas bajo las disposiciones de este Capítulo, deberá prestar ante un Fiscal, dentro de un término no mayor de 120 horas siguientes a haberse consumado la transacción de venta, una declaración jurada sobre su participación en la misma y los hechos pertinentes a ésta, a menos que se demuestre justa causa para una demora en someterla dentro del término antes indicado.

Cuando el Tribunal determinare en la vista preliminar que dicha declaración jurada no fue prestada, o que habiéndose prestado fuera del término de 120 horas no hubo justa causa para la dilación ni dicha declaración jurada ni el testimonio del agente encubierto podrán ser presentados en evidencia.

En la determinación de justa causa se tomará en consideración, entre otros factores, el que la investigación que se lleve a cabo no hubiere concluido dentro del término no mayor de 120 horas antes indicado.

■ Como puede verse, existe por ley un impedimento para la admisión del testimonio del agente y de la "evidencia" ocupada, a menos que hubiere justa causa para que no se prestara la declaración dentro del término de 120 horas. El "olvido" del agente no puede considerarse justa causa.

El Procurador enfatiza un pronunciamiento de este Tribunal en *Pueblo* v. *Tribunal Superior*, 104 D.P.R. 454, 461 (1975), a los efectos de que el no cumplimiento con el término de 120 horas "no opera como llave automática para abrir la puerta a la desestimación de la acusación". Ello es así. Pero pasa por alto que en dicho caso la solicitud de desestimación se formuló diez y ocho meses después de registrarse una alegación de no culpable y solicitud de juicio por jurado, es decir, más de año y medio después de radicada la acusación. Claramente era improcedente entonces entrar a considerar si hubo o no justa causa para la dilación en la prestación de la declaración jurada por el agente encubierto. En el caso ante nos el planteamiento se hizo en la primera oportunidad, a saber, al llamarse el caso para determinación de causa probable para juicio, en vista preliminar. Y hubo entonces una explicación —el olvido del agente— que, como hemos dicho, no constituye justa causa.

■ El Procurador no nos señala que el Ministerio Público disponga de otras pruebas para sostener las acusaciones. No siendo admisibles el testimonio del agente encubierto ni la prueba objetiva, no hay causa probable para mantener a los peticionarios bajo la pendencia de las acusaciones.

Se expedirá el auto, *se dejará sin efecto la resolución del Tribunal Superior y se mantendrá la determinación de no causa probable.*